**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDUARDO RAMIREZ,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action** |
| | : | **No. 24-cv-3035-JP** |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER**

AND NOW, this ____ day of _____, 2026, upon consideration of the Motion to Quash Subpoena for Deposition Testimony filed by the non-party Philadelphia District Attorney's Office, any response thereto, and good cause appearing, it is hereby **ORDERED** that the Motion to Quash is **GRANTED**. It is further **ORDERED** that the subpoena of Defendant Paul Worrell directed to non-party Assistant District Attorney Julie Nelson is hereby **QUASHED**.

**BY THE COURT:**

_____
**JOHN R. PADOVA, J.**

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EDUARDO RAMIREZ,** | : |
| | : |
| | : |
| **Plaintiff,** | : **Civil Action** |
| | : **No. 24-cv-3035-JP** |
| **v.** | : |
| | : |
| **CITY OF PHILADELPHIA, *et al.,*** | : |
| | : |
| **Defendants.** | : |
| | : |

**ORDER**

AND NOW, this ____ day of _____, 2026, upon consideration of the

Motion for a Protective Order filed by the non-party Philadelphia District Attorney's

Office, it is hereby **ORDERED** that the Motion **GRANTED**.

It is further **ORDERED** that:

1.  The parties shall refrain from issuing subpoenas for additional deposition testimony from non-party employees of the DAO without prior leave of this Court, and shall not proceed without having first demonstrated the relevance, proportionality, and legitimate need for any such discovery.

2.  The parties shall not be permitted to seek discovery which impermissibly aims to compel the disclosure of privileged internal discussions and mental impressions of attorneys for the Commonwealth.

3.  The parties may, if they choose, proceed by way of targeted written discovery in order to establish the required nexus to the issues in this case.

**BY THE COURT:**

_____
**JOHN R. PADOVA, J.**

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EDUARDO RAMIREZ,** | : |
| | : |
| **Plaintiff,** | : **Civil Action** |
| | : **No. 24-cv-3035-JP** |
| **v.** | : |
| | : |
| **CITY OF PHILADELPHIA, *et al.,*** | : |
| | : |
| **Defendants.** | : |
| | : |

**MOTION TO QUASH SUBPOENA FOR DEPOSITION TESTIMONY, OR IN
THE ALTERNATIVE, MOTION FOR A PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 45(d)(3) and 26(c), and Local Rules 7.1 and 26.1, the non-party Philadelphia District Attorney's Office ("DAO") hereby moves this Court to enter an order quashing the subpoena of Defendant Paul Worrell for deposition testimony of non-party Assistant District Attorney Julie Nelson. In the alternative, the DAO respectfully moves this Court to enter a protective order limiting the scope and frequency of any discovery requests to the non-party DAO, and clarifying the scope of matters which are protected by applicable privilege and beyond the limits of permissible discovery. In support of this Motion, the DAO incorporates by reference the accompanying Memorandum of Law.

Respectfully submitted,

Date: May 7, 2026

/s/ ***Shea Skinner***
Shea Skinner
Assistant District Attorney
Attorney I.D. No. 326121
Three South Penn Square, 13th Floor
Philadelphia, PA 19107
Shea.skinner@phila.gov

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDUARDO RAMIREZ,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action** |
| | : | **No. 24-cv-3035-JP** |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, *et al.,*** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY PHILADELPHIA
DISTRICT ATTORNEY'S OFFICE'S MOTION TO QUASH SUBPOENA FOR
DEPOSITION TESTIMONY, OR IN THE ALTERNATIVE, MOTION FOR A
PROTECTIVE ORDER**

## I.     RELEVANT PROCEDURAL HISTORY

On July 11, 2024, Plaintiff Eduardo Ramirez initiated this action against Defendants City of Philadelphia, John McDermott, Michael Gross, Stephen Vivarina, and Paul Worrell.[1] Plaintiff alleges civil rights violations arising from his 1998 murder conviction, which was vacated in 2023 after more than 25 years of incarceration. *See generally* ECF 1, 5.

Plaintiff commenced the underlying state post-conviction proceedings in 2015 with the filing of a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541, *et seq.* Plaintiff filed amended PCRA petitions in 2020 and 2022. *See* ECF 5, at ¶¶ 325-26. Following a careful and thorough review of the

---

[1]     Defendant Robert Snell, who was not served and is now deceased, was dismissed from this action on June 20, 2025. *See* ECF 27.

claims raised in Plaintiff's PCRA petitions, the DAO filed its written response on behalf of the Commonwealth (hereinafter "Commonwealth's PCRA Response"), in which the Commonwealth agreed that its suppression of material exculpatory evidence prior to and during Plaintiff's trial violated his constitutional rights under *Brady v. Maryland*, 373 U.S. 83 (1963), in addition to new and troubling DNA evidence, and recommended that the court grant Plaintiff a new trial after its own independent review. *See* ECF 5, at ¶¶ 327–29, 356-358; Commonwealth's PCRA Response, attached as Exhibit "A." The court accepted the recommendation and, after reviewing the matter, vacated Plaintiff's conviction on November 2, 2023. *See* ECF 5, at ¶ 359. After careful consideration, the Commonwealth subsequently filed a motion to *nolle pros* the charges against Plaintiff. On November 30, 2023, the court granted the Commonwealth's motion. *See* ECF 5, at ¶ 360.

The Commonwealth's PCRA Response was principally authored and filed by then-Assistant District Attorney ("ADA") David Napiorski, as the ADA assigned to respond to Plaintiff's PCRA petitions.[2] *See* Exhibit "A". *See also* Exhibit "G", Excerpts from Deposition of ADA Napiorski, at 8–13.

### *City Defendants' Subpoenas to the Non-Party DAO*

In the course of discovery in this matter, Defendants have sought discovery from the non-party DAO in the form of deposition testimony from DAO Law Division personnel who were involved in the Commonwealth's response to Plaintiff's underlying petition for post-conviction relief. *See* Exhibits "B" and "C." The DAO has

---

[2]    Mr. Napiorski now serves as Deputy District Attorney and Supervisor of the DAO's Law Division. He has already say for a multi-hour deposition in this matter.

cooperated fully with the parties' discovery in this matter and has made three of the most senior attorneys in the DAO Law Division available for depositions as follows:

On October 6, 2025, counsel for Defendants City of Philadelphia, John McDermott, Michael Gross, and Stephen Vivarina ("City Defendants") issued a subpoena to the DAO for the deposition testimony of ADA Napiorski. *See* Exhibit "B". Mr. Napiorski, who was a line ADA in the federal litigation unit at the time Plaintiff's PCRA was being litigated and is now the head of the Law Division, appeared in person and provided testimony at his deposition on November 12, 2025. Save for a small number of privilege objections during the deposition, Mr. Napiorski provided extensive testimony without objection and complied fully with Defendants' subpoena over the course of many hours. *See* Exhibit "G."

On February 27, 2026, counsel for City Defendants issued subpoenas for the deposition testimony of ADA Katherine Ernst, ADA Nancy Winkelman, and former ADA Matthew Stiegler.[3] *See* Exhibit "C." On April 20, 2026, Ms. Ernst, who was head of the DAO's federal litigation unit at the time Plaintiff's PCRA petition was being litigated and is now the Chief of Law Division Training, appeared in person and provided fulsome testimony in her own multi-hour deposition, subject to a small number of similar privilege objections. *See* Exhibit "H", Excerpts from Deposition of ADA Ernst. On April 21, 2026, Ms. Winkelman, who was the supervisor of the Law Division at the time Plaintiff's PCRA petition was being litigated and now works part-time in the Appeals Unit, appeared in person and provided fulsome testimony, subject

---

[3] Counsel for City Defendants did not subsequently issue a notice to depose Mr. Stiegler.

to a small number of privilege objections and objections to enforce court-ordered limitations, namely, the confidentiality of information in unrelated proceedings which are under seal by order of this Court. *See* Exhibit "I", Excerpts from Deposition of ADA Winkelman, at 42–45, 58–62.

### ***Defendant Paul Worrell's Subpoena to the Non-Party DAO***

On April 27, 2026, counsel for Defendant Paul Worrell contacted all counsel and the undersigned to give notice of his intention to serve a subpoena for the deposition testimony of ADA Julie Nelson. *See* Exhibit "D." On April 30, 2026, counsel served the subpoena, seeking to depose Ms. Nelson in person one week later on May 8, 2026. *See* Exhibit "E."

On May 5, 2026, the DAO served written objections on all counsel, advised of its intention to file this motion, and requested counsel's availability to confer pursuant to Federal Rule of Civil Procedure 26(c)(1). *See* Exhibits "D" and "F." The undersigned conferred with counsel telephonically on May 6, 2026. In an effort to resolve this dispute without court intervention, the DAO proposed proceeding by way of narrowly tailored written discovery directed to Ms. Nelson. Counsel for Defendant Worrell flatly rejected this compromise. As a result, the DAO is constrained to seek appropriate relief from this Court.

## II.    ARGUMENT

The DAO respectfully requests that this Court quash Defendant Worrell's subpoena for the deposition testimony of non-party ADA Julie Nelson. Defendant's subpoena fails to allow a reasonable time to comply, subjects a non-party to undue

burden, seeks discovery of information that is not relevant or not proportional to the needs of the case, and improperly seeks the disclosure of privileged information. Moreover, to the extent the subpoena does seek testimony regarding any relevant, non-privileged information, it seeks discovery of information which is cumulative and duplicative of deposition testimony that three DAO deponents have already provided. At bottom, Defendant's instant subpoena amounts to a misuse of the subpoena power to harass, oppress, embarrass, annoy, and unreasonably burden the non-party DAO, despite the DAO's fulsome compliance with the parties' discovery in this matter.

Alternatively, the DAO respectfully submits that good cause exists to support the entry of a protective order precluding or limiting the discovery sought from the DAO by Defendants, and any other relief the Court deems appropriate.

### a. Motion to Quash

Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering," among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1).

Rule 26(b)(2) further provides that, on motion or on its own, a court "must limit the frequency or extent of discovery otherwise allowed by these rules" if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed.R.Civ.P. 26(b)(2)(C).

In turn, Rule 45(d)(3) provides that on timely motion, a court "must quash or modify a subpoena" if it:

(i)    fails to allow a reasonable time to comply;

\*\*\*

(iii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)    subjects a person to undue burden.

Fed.R.Civ.P. 45(d)(3).

"As with all discovery, the subpoenaing party 'bears the initial burden of demonstrating the requested discovery is relevant,' as defined by Rule 26." *Hu v. Merck Sharp & Dohme LLC*, No. 23-754, 2023 WL 5598450 at \*1 (E.D. Pa. Aug. 29, 2023) (quoting *ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014)). Once the requesting party meets its burden of establishing relevance and proportionality, the burden shifts to the party opposing the subpoena to "demonstrate that the subpoenas must be quashed" or that "good cause exists for the issuance of a protective order under Rule 26." *White v. Devereux Found.*, No. 23-cv-2060, 2024 WL 5668920, at \*2 (E.D. Pa. Jan. 12, 2024).

### *Relevance and Proportionality*

Here, Defendant Worrell has not made any initial showing to substantiate that the requested discovery is relevant and proportional to the needs of the case. To begin

with, the seventy-nine page Commonwealth's PCRA Response lays out, in great detail, the relevant bases for the Commonwealth's position in Plaintiff's post-conviction proceedings. Additional information concerning the Commonwealth's PCRA Response and Plaintiff's post-conviction proceedings would be, at best, only peripherally relevant to any actual claims or defenses raised in this action against City Defendants and Defendant Worrell. But even if Defendant had established requested discovery is relevant, he has failed to demonstrate that it is proportional to the needs of the case within the scope and meaning of Rule 26(b) or that he seeks non-privileged information.

Defendant Worell's subpoena is far from proportional to the needs of the case because it is unreasonably cumulative and excessively burdensome on a non-party. Defendants have already conducted extensive in-person depositions of three senior attorneys of the DAO's Law Division concerning the Commonwealth's PCRA Response and Plaintiff's underlying post-conviction proceedings. Defendants have thoroughly questioned the assigned attorney who authored the Commonwealth's PCRA Response, as well both of his supervisors during the relevant timeframe. In light of the extensive testimony already provided by three non-party witnesses on the same topic, it is clear that the requested deposition testimony of ADA Nelson would be excessive and unnecessarily repetitive, unless Defendant can demonstrate that the deponent possesses some unique knowledge of relevant, non-privileged information.

However, the prior deposition testimony of the DAO's deponents reflects that ADA Nelson did not contribute to the written response filed by the Commonwealth

10

and was co-assigned to assist ADA Napiorski in reviewing the lengthy file and seeking additional information, which, for ADA Nelson's part, consisted of visiting the Office of Judicial Records of the First Judicial District of Pennsylvania, as well as attending strategic internal meetings about the case. *See* Exhibit "G," at 9, 88; Exhibit "H," at 25-26. Because the record demonstrates that ADA Nelson had far less involvement in the Commonwealth's PCRA Response than ADA Napiorski, it is difficult to escape the conclusion that Defendant Worrell's subpoena is a fishing expedition that seeks discovery of information which would either be privileged, or unreasonably cumulative of the three prior depositions on this topic. Indeed, ADA Nelson had no involvement at all in the decision to withdraw charges against Plaintiff after the trial court granted him a new trial, the action that animates this lawsuit.

The scope of discovery permitted by Rule 26(b)(1) is limited by proportionality, as informed by, *inter alia*, whether the burden of the proposed discovery outweighs its likely benefit, and the relative importance of the requested discovery in resolving the central issues in a case. Fed.R.Civ.P. 26(b)(1). *See also*, *e.g.*, *Spring Pharmaceuticals, LLC v. Retrophin, Inc.*, No. 18-cv-04553, 2019 WL 3731725 at \*3 (E.D. Pa. Aug. 8, 2019). Where, as here, a subpoena seeks discovery of questionable relevance which is not proportional to the needs of the case, it seeks discovery which is beyond the limits of Rule 26(b). Indeed, "[t]he purpose of th[e] rule of proportionality is to guard against *redundant* or disproportionate discovery." *Wang v. University of Pittsburgh*, 2:20-cv-1952, 2023 WL 5214893 at \*4 (W.D. Pa. Aug. 15, 2023) (quoting *Eisai Inc. v. Sanofi-Aventis U.S., LLC*, No. 08-4168, 2012 WL 1299379,

11

at *6 (D.N.J. Apr. 16, 2012)) (emphasis added). Because the requested discovery is disproportionate to the needs of the case, it exceeds the scope of discovery permitted by Rule 26(b), and Defendant Worrell has not met his initial burden to survive this motion to quash.

But even if he had met this burden, Defendant Worrell's subpoena must be quashed or modified pursuant to Rule 45(d)(3) because it fails allow a reasonable time to comply, subjects a non-party witness to undue burden, and improperly seeks the disclosure of privileged information. Fed.R.Civ.P. 45(d)(3)(i)–(iii). "In determining whether a subpoena subjects a person to undue burden under Rule 45, factors to consider include 'relevance, the need for the information requested, whether the information can be obtained by other means, burdens the subpoena may impose, the status of the recipient as a non-party, and the costs of compliance.'" *Hu,* 2023 WL 5598450 at *2 (quoting *Rardon v. Falcon Safety Prods., Inc.*, Nos. 23-1594 & 23-1596, 2023 WL 5347298, at *2 (3d Cir. Aug. 21, 2023)).

### *Undue Burden on a Non-party*

Collectively, Defendants' discovery requests have already required the non-party DAO to expend considerable time and resources to facilitate and prepare for the in-person appearance of three senior level Law Division attorneys, on top of their daily supervisory responsibilities and existing workloads. ADA Nelson now serves as the assistant supervisor of the DAO Law Division's PCRA Unit, in addition to handling a heavy PCRA workload of her own. It would be an unreasonable burden to subject *another* DAO Law Division supervisor to an oral deposition, on such short

notice, without first demonstrating the relevance and non-duplicative nature of the requested discovery. Indeed, depositions of senior level officials or employees "should not be freely granted when the subject of the deposition will be only remotely relevant to the issues of the case." *Reif v. CNA*, 248 F.R.D. 448, 453 (E.D. Pa. 2008) (quoting *Evans v. Allstate Ins. Co.*, 216 F.R.D. 515, 519 (N.D.Okla. 2003)).

Moreover, Rule 26(b)(1) makes clear that a court "*must* limit the frequency or extent of discovery otherwise allowed by these rules" if the requested discovery is beyond the scope of 26(b)(1), or if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]

Fed.R.Civ.P. 26(b)(1)(C) (emphasis added).

Defendant Worrell has had ample opportunity at the three previous depositions of DAO deponents to obtain any relevant, non-privileged information concerning the Commonwealth's PCRA Response and Plaintiff's post-conviction proceedings. Defendant Worrell has also had ample opportunity to avail himself of less burdensome methods of discovery, such as narrowly tailored written discovery directed to ADA Nelson. At a minimum, DAO respectfully submits that Rule 26(b)(1) requires limiting the extent and frequency of Defendants' discovery requests directed to the non-party DAO.

13

*Failure to Allow Adequate Time for Compliance and Overbreadth*

The subpoena also fails to allow adequate time for ADA Nelson to meet with counsel and prepare for the deposition, nor does it specify a line of inquiry. A mere nine days after two prior DAO deponents sat for unnecessarily combative depositions on April 20 and 21, 2026, Defendant Worrell served his subpoena on April 30, 2026 for a deposition to occur on May 8, 2026. Under the circumstances, Defendant's subpoena for a *fourth* deposition of supervisory DAO staff in such a short span of time unreasonably strains the DAO's ability to make employees available for depositions while continuing to perform their required tasks as public servants. Thus, the subpoena fails to allow adequate time for compliance and is overly broad in its scope. *Cf. Fairview Health Servs. v. Quest Software, Inc.*, No. 20-1326, 2021 WL 5087654, at *6–7 (D. Minn. Sept. 24, 2021) (noting that it is "widely accepted" that a deposition notice that seeks "to elicit deposition testimony on all facts in support of a claim or contention" is "overly broad" and "improper").

## *Privilege*

The DAO submits that quashal of the subpoena is also proper on the grounds that it improperly seeks the disclosure of information which is subject to the protections of the deliberative process privilege and attorney work-product doctrine. "The deliberative process privilege is an executive privilege that applies to 'confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice.'" *In re Grand Jury*, 821 F.2d 946, 959 (3d Cir. 1987) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-54 (1975)). The purpose of

14

the privilege is to protect the quality agency decision-making by shielding pre-decisional deliberations from unnecessary scrutiny. *Id. See also Startzell v. City of Philadelphia*, No. 05-05287, 2006 WL 2945226 (E.D. Pa. 2006).

The attorney work-product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *In re Cendant Corp. Securities Litigation*, 343 F.3d 658, 661–62 (3d. Cir. 2003) (quoting *U.S. v. Nobles*, 422 U.S. 225, 238 n.11 (1975)). *See also* Fed.R.Civ.P. 26(b)(3)(A). While purely factual information does not ordinarily qualify for the protections of the work-product doctrine, an attorney's opinion work product is "the most sacrosanct of all forms of work product." *In re Grand Jury Investigation*, 599 F.2d 1224, 1231 (3d. Cir. 1979); *see also Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981) (unanimous court stressing the "special protection to work product revealing the attorney's mental processes").

At each of the previous depositions of DAO deponents, Defendant Worrell has persistently sought to uncover the content of privileged discussions, mental impressions, and legal opinions of attorneys for the Commonwealth relating to the Commonwealth's PCRA Response and Plaintiff's post-conviction proceedings, prompting counsel's well-founded objections and instructions not to answer. *See* Exhibit "G," at 70; Exhibit "H," at 37; Exhibit "I," at 42–44.

While the DAO has provided extensive testimony about non-privileged legal opinions which are reflected in the publicly filed Commonwealth's PCRA Response, as well as factual information regarding their investigation of Plaintiff's initial

constitutional claims, Defendants have repeatedly sought to go beyond the scope of permissible discovery by attempting to compel disclosure of information that is clearly privileged. *See Startzell,* 2006 WL 2945226 at *3 ("The thought process used by attorneys at the D.A.'s Office in forming the decision to prosecute should be protected from public inquiry and shielded from the discovery process by the deliberative process privilege."). As this Court recognized in *Startzell,* "[c]ompelling testimony on this thought process could impede future decision-making." *Id. See also Cipolla v. County of Rensselaer,* No. 99-CV-1813, 2001 U.S. Dist. LEXIS 16150 (N.D.N.Y. Oct. 10, 2001) (applying the deliberative process privilege to deny a motion to compel deposition testimony regarding a district attorney's decision to prosecute).[4]

For the foregoing reasons, the DAO respectfully submits Defendant Worrell's subpoena must be quashed or modified pursuant to Rule 45(d)(3).

### b. Motion for a Protective Order

Rule 26(c)(1) provides that a court may, for good cause, issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed.R.Civ.P. 26(c)(1). For the reasons set forth above, the DAO respectfully submits that good cause exists for the entry of an order precluding, or in the alternative, limiting the frequency and scope of discovery requests directed to the non-party DAO. In the event that the Court is not inclined to quash the subpoena in its entirety on relevance, proportionality, and privilege grounds, the DAO respectfully

---

[4] Non-party DAO again notes here that ADA Nelson has no information regarding the DAO's decision to withdraw the charges against Plaintiff once the trial court granted him a new trial, as she was not involved in those discussions.

requests that the parties be directed to proceed with targeted written discovery to first establish relevance and proportionality before compelling additional deposition testimony. *See Reif*, 248 F.R.D. at 455 (denying motion to compel potentially irrelevant deposition testimony and noting that the parties "may still avail themselves of other discovery tools such as interrogatory requests to deponents" to establish the necessary nexus to claims or defenses raised). Further, the DAO submits that a protective order is necessary to enforce its assertions of privilege and guard against Defendants' oppressive pursuit of the disclosure of privileged information.

From the inception of the non-party DAO's involvement in this litigation, Defendants have improperly sought to discover information that is unquestionably privileged. *See* Exhibit "G," at 70 (explicitly asking for the content of discussions about whether to retry Plaintiff's case); Exhibit "H," at 37 (explicitly asking for the decision-making process in deciding whether to retry Plaintiff's case); Exhibit "I," at 42–44 (asking about the content of internal deliberations and privileged mental impressions of attorneys for the Commonwealth). In addition, during ADA Winkelman's deposition, counsel for Defendant Worrell exhibited a manifest intention to repeatedly inquire into sealed and wholly irrelevant matters such as unrelated disciplinary proceedings and her philosophical thoughts on second-degree murder, criminal justice, and the nature of punishment, *see* Exhibit "I" at 59–65, 77–79, 123–26, and during ADA Ernst's deposition counsel attempted to impeach ADA

Ernst with an apparent typo in the Commonwealth's seventy-nine page brief. *See* Exhibit "H" at 88.

Aside from and in addition to the improper nature of the questioning by Worrell's counsel, counsel's manner and tone were also unbecoming an officer of the court, repeatedly mischaracterizing the testimony of prior DAO deponents as "false" or "inconsistent," *see* Exhibit "I" at 88–89, 116-117, 136, and Exhibit "H" at 62–63, in in addition to baselessly insinuating that ADA Ernst had an improper relationship with DDA Napiorski, then a subordinate, *see* Exhibit "H" at 73-74.

Despite counsel's objections, counsel continued to harass, annoy, embarrass, and oppress non-party ADAs Winkelman and Ernst in bad faith. From Defendants' pattern of burdensome and oppressive discovery directed to the DAO, it is clear that the instant subpoena likewise serves no legitimate purpose proportional to the needs of the case, and is intended to harass, annoy, embarrass, and oppress non-party deponents.

### III.    CONCLUSION

For the foregoing reasons, the non-party Philadelphia District Attorney's Office respectfully requests that this Court grant its Motion and quash the subpoena of Defendant Paul Worrell. In the alternative, the DAO respectfully requests the entry of an appropriate protective order. *Cf. Briscoe v. City of Philadelphia*, No. 23-2714-MRP, ECF No. 80 ¶¶ 12–13 (E.D. Pa.) (forgoing a protective order and appointing special master, at counsel's expense, for "purs[ing] irrelevant [and]

harassing lines of questioning" and "display[ing] an aggressive demeanor" during depositions).

Respectfully submitted,

Date: May 7, 2026

/s/ ***Shea Skinner***
Shea Skinner
Assistant District Attorney
Attorney I.D. No. 326121
Three South Penn Square, 13th Floor
Philadelphia, PA 19107
Shea.skinner@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDUARDO RAMIREZ, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 24-cv-3035-JP |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.,* | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CERTIFICATION PURSUANT TO FED.R.CIV.P. 26(b)(1)**

Undersigned counsel hereby certifies that, on May 6, 2026, he conferred in good faith with counsel via conference call in an effort to resolve the issues raised in the DAO's Motion to Quash Subpoena for Deposition Testimony, or In The Alternative, Motion for a Protective Order.


Date: May 7, 2026                          /s/ ***Shea Skinner***
                                           Shea Skinner
                                           Assistant District Attorney
                                           Attorney I.D. No. 326121
                                           Three South Penn Square, 13th Floor
                                           Philadelphia, PA 19107
                                           Shea.skinner@phila.gov
                                           (215) 686-7644

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDUARDO RAMIREZ, | : |
| | : |
| **Plaintiff,** | : **Civil Action** |
| | : **No. 24-cv-3035-JP** |
| v. | : |
| | : |
| CITY OF PHILADELPHIA, *et al.,* | : |
| | : |
| **Defendants.** | : |
| | : |

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that, on May 7, 2026, he personally caused to be served upon all counsel of record a true and correct copy of the foregoing Motion to Quash Subpoena For Deposition Testimony, or In The Alternative, Motion for a Protective Order, via this Court's electronic filing system.

Date: May 7, 2026

/s/ ***Shea Skinner***
Shea Skinner
Assistant District Attorney
Attorney I.D. No. 326121
Three South Penn Square, 13th Floor
Philadelphia, PA 19107
Shea.skinner@phila.gov
(215) 686-7644