IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDUARDO RAMIREZ
: CIVIL ACTION
:
v. :
:
CITY OF PHILADELPHIA, et al. : NO. 24-3035
:

## ORDER-MEMORANDUM

**AND NOW**, this 29th day of June, 2026, upon consideration of the Philadelphia District Attorney's Office's "Motion to Quash Subpoena for Deposition Testimony, or in the Alternative, Motion for a Protective Order" (Docket No. 53), and all documents filed in connection therewith, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.  **IT IS FURTHER ORDERED** that Assistant District Attorney Julie Nelson shall appear for a deposition no later than August 7, 2026.

The Philadelphia District Attorney's Office (the "DAO"), which is not a party to this lawsuit, has moved pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3) to quash Defendant Paul Worrell's subpoena directing non-party Assistant District Attorney ("ADA") Julie Nelson to submit to a deposition, or alternatively, to enter a protective order limiting the scope and frequency of all discovery requests made to the DAO.  In support of its Motion, the DAO states that Defendant Worrell's subpoena: (1) "fails to allow a reasonable time [for ADA Nelson] to comply" with its directive; (2) "subjects a non-party to undue burden;" (3) seeks "information that is not relevant or . . . proportional to the needs of the case;" and (4) "improperly seeks the disclosure of [either] privileged information" or "information which is cumulative and duplicative of deposition testimony" already provided by three other ADAs. (DAO Mem. at 7-8.)

Federal Rule of Civil Procedure 26(b)(1) allows "discovery regarding any nonprivileged

matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering[, *inter alia*,] . . . whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  "Relevance [of discoverable information] is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'"  Fischbein v. IQVIA, Inc., Civ. A. No. 19-5365, 2022 WL 20747401, at *1 n.2 (E.D. Pa. Sept. 28, 2022) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

[T]he court must limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).  "On timely motion, the court . . . must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).  "Rule 26(c) permits a party to move for a protective order limiting discovery, including 'forbidding inquiry into certain matters' in order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"  Foley v. Drexel Univ., Civ. A. No. 25-2103, 2025 WL 3473365, at *2 (E.D. Pa. Dec. 3, 2025) (quoting Fed. R. Civ. P. 26(c)(1)).  "The party seeking the protective order has the burden of persuasion and must show 'good cause by demonstrating a particular need for protection.'"  Id. (quoting Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).  "'Good cause' is defined as a 'showing that disclosure will work a clearly defined and

serious injury to the party seeking closure.'" Id. (quoting Arnold v. Pennsylvania, 477 F.3d 105, 108 (3d Cir. 2007)).

Defendant Worrell's subpoena of ADA Nelson's deposition does not, itself, specify the information that Defendant Worrell seeks or demonstrate the relevance of any anticipated testimony to any claims or defenses in this case. (See DAO Mot. Ex. E.) However, the DAO states that Defendants have deposed the employees of the DAO who contributed to the DAO's response to Plaintiff's Pennsylvania Post Conviction Relief Act ("PCRA") petition in his state court post-conviction proceeding (the "DAO's PCRA Response"). In its PCRA Response, the DAO conceded that Plaintiff's conviction should be vacated because the prosecution in his criminal case suppressed material evidence that would have been favorable to Plaintiff's defense in violation of Brady v. Maryland, 373 U.S. 83 (1963). (DAO Mot. Ex. A at 74-75.) In his Response to the instant Motion, Defendant Worrell states that ADA Nelson was a direct participant in the DAO's decision to concede that Plaintiff's conviction should be vacated and that other discovery has revealed that the DAO's decision "was far less independent and thoroughly reviewed than the DAO has maintained." (Def. Resp. Mem. at 2.) Defendant Worrell makes it clear in his Response to the instant Motion that his primary purpose in taking depositions of employees of the DAO is to challenge the procedures used by the DAO in reaching this decision. Defendant Worrell maintains that ADA Nelson's deposition would result in the discovery of relevant evidence because she was assigned to work on the DAO's review of Plaintiff's PCRA petition, "participated in 'strategic internal meetings,' reviewed the 'lengthy file,' and undertook investigative efforts on behalf of the DAO." (Id. at 10 (citing ECF 53 at 10-11).)

Defendants have already deposed three senior DAO attorneys, namely, ADA David

3

Napiorski, ADA Katherine Ernst, and ADA Nancy Winkelman, and the DAO states that Defendant Worrell questioned these ADAs regarding their work on the DAO's PCRA Response. The DAO argues that Defendant Worrell has failed to show that ADA Nelson's deposition testimony is relevant and proportional to the needs of the case because ADA Nelson's testimony would be duplicative of the testimony of these ADAs. Given that Defendants have deposed ADA Nelson, the principal author of the DAO's PCRA Response, the DAO contends that the burden posed by the deposition of another senior level official outweighs any likely benefit of the deposition, such that the subpoena is disproportionate to the needs of the case.

Defendant Worrell maintains that ADA Nelson's testimony would provide relevant information because the proposed deposition bears on, *inter alia*, "the accuracy and completeness of the factual record assembled by the DAO" to reach its ultimate position in favor of Plaintiff's post-conviction relief, which "now forms the factual basis for Mr. Ramirez's civil rights claims against Defendant Worrell." (Def. Resp. Mem. at 10, 14.) In his Notice of Consent to the District Attorney's Motion for Leave to File a Reply Brief (Docket No. 60), Defendant Worrell states his belief that ADA Nelson's deposition would be relevant to whatever "evidentiary references [Plaintiff] intends to draw from the manner in which" Plaintiff's conviction was vacated. (Notice of Consent at 2.) Specifically, Defendant Worrell states that Plaintiff will, at trial, "invite the jury to infer that the [DAO's agreement that his conviction should be vacated] reflect[s] an independent prosecutorial judgment that his conviction was unreliable because Defendant Worrell and others committed constitutional misconduct." (Id.) Defendant Worrell further expects Plaintiff to "use the DAO's concession [that Plaintiff's conviction was based on violations of his constitutional rights] not merely as proof that the prosecution ended, but as substantive context supporting liability, causation, and damages" and

4

maintains that he "is entitled to rebut that inference." (Id.)  Defendant Worrell further asserts that, because ADA Nelson "reviewed files, attended internal meetings, and performed investigative work" with respect to Plaintiff's PCRA petition, her deposition testimony could "establish what the DAO actually reviewed, what it did not review, what allegations were independently verified, what contrary evidence was known, what evidence was omitted, and whether the DAO's concession rested on the careful, thorough, and exhaustive review represented to the PCRA court." (Id. at 2-3 (internal quotation omitted).)  Defendant Worrell contends that this information would "go directly to the foundation, background, context, and reliability of the very narrative [Plaintiff] will ask the jury to accept." (Id. at 3.)

In the Amended Complaint, Plaintiff relies on the factual findings set forth in the DAO's PCRA Response.  For example, in support of his claim that Defendant Worrell and all other individual defendants in this case engaged in malicious prosecution when they "intentionally withheld and misrepresented exculpatory evidence," Plaintiff alleges that the DAO concluded that "twelve critical pieces of exculpatory evidence . . . had been wrongfully withheld . . . in violation of Brady v. Maryland," and discusses the nature of such evidence.  (Am. Compl. ¶¶ 327-28, 406.)   Notably, in his Memorandum Addressing the Irrelevance of the Proposed Deposition of ADA Julie Nelson (Docket No. 57-2), Plaintiff concedes that "inquiry into current and former DAO employees' knowledge about the facts actually underlying the claims and defenses in this case . . . could be appropriate, and Plaintiff does not object to the exploration of these topics through deposition testimony." (Id. at 5-6.)  Additionally, the DAO concedes that ADA Nelson was co-assigned to the DAO's PCRA Response and participated in the DAO's factual investigation underlying the PCRA Response. (DAO Mem. at 10-11.)  We therefore find that Defendant Worrell's subpoena directed to ADA Nelson properly seeks relevant information

5

regarding the DAO's procedures and factual findings that resulted in its concession to the vacating of Plaintiff's conviction. See Fischbein, 2022 WL 20747401, at *1 n.2. We also find that the DAO has failed to demonstrate that ADA Nelson's deposition would impose an undue burden on the DAO, and the DAO has not established that there is good cause for a protective order. With respect to the DAO's position that Defendant Worrell's subpoena seeks the disclosure of privileged information, we believe that the DAO can adequately safeguard against such disclosure by raising proper objections and instructions not to answer during ADA Nelson's deposition. Accordingly, we deny the DAO's request to quash Defendant Worrell's subpoena directed to ADA Nelson, and we deny the DAO's alternative request for a protective order.

BY THE COURT:

/s/ John R. Padova, J.
John R. Padova, J.

6