**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDUARDO RAMIREZ,<br>*Plaintiff*,<br>v.<br>CITY OF PHILADELPHIA, ET AL.,<br>*Defendants*. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.: 2:24-cv-03035 |

# ORDER

**AND NOW**, this day of , 2026, upon consideration of the Motion for Leave to Incorporate filed on behalf of Defendant Detective Paul Worrell, and any response thereto, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**.

It is **FURTHER ORDERED** that Detective Worrell may address the privilege assertions raised in the Philadelphia District Attorney's Office's Motion for a Protective Order (ECF 72) as part of his forthcoming Omnibus Motion to Compel and Recall the four assistant district attorney deponents, without waiver of any opposition to the Motion for a Protective Order.

**BY THE COURT:**

______________________________

**HON. JOHN R. PADOVA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDUARDO RAMIREZ,<br>*Plaintiff*,<br>v.<br>CITY OF PHILADELPHIA, ET AL.,<br>*Defendants*. | : | Civil Action No.: 2:24-cv-03035 |

**MOTION FOR LEAVE TO INCORPORATE**
**BY DEFENDANT DETECTIVE PAUL WORRELL**

Defendant Detective Paul Worrell, by and through the undersigned counsel, Marshall Dennehey, P.C., John P. Gonzales, Esquire, and Joshua W. Brownlie, Esquire, hereby moves for leave to address the privilege assertions raised in the Philadelphia District Attorney's Office's ("DAO") Motion for a Protective Order as part of Detective Worrell's forthcoming Omnibus Motion to Compel and Recall the four assistant district attorney deponents, so that the related privilege disputes may be addressed together.

Discovery privileges protect confidences—not misconduct. Yet the DAO reflexively invokes the attorney-client, work-product, and deliberative-process privileges to obstruct inquiry into one of the many cases in which it "wrongly conceded relief where none was warranted under the law[,]" using a concession process that "lacked candor to the court, misrepresented facts, failed to conduct adequate investigations, and inexplicably dodged necessary evidentiary hearings." *Commonwealth v. Brown*, 358 A.3d 469, 494 (Pa. 2026). That obstruction is difficult to square with the DAO's "special duty to seek justice," *Connick v. Thompson*, 563

U.S. 51, 65 (2011), because "[a]ny rule that impedes the discovery of truth in a court of law impedes as well the doing of justice." *Hawkins v. United States*, 358 U.S. 74, 81 (1958) (Stewart, J. concurring). The DAO should not be permitted to transform narrowly defined privileges into a blanket barrier to discovery of the very conduct now at issue.

The history is telling. The Court has already rejected attempts by the DAO to obstruct discovery into its concession of Plaintiff Eduardo Ramirez's murder conviction, concluding the deposition of ADA Julie Nelson "seeks relevant information regarding the DAO's procedures and factual findings that resulted in its concession[.]" Mem. Order, ECF 68 at 5–6. At that deposition, the DAO invoked privilege to thwart all inquiry into "the content of the conversations" she had with ADAs Winkelman, Ernst, and Napiorski, as well as "[e]very single assistant district attorney, including DA Krasner[.]" Dep. Trans., ADA Julie Nelson 7/21/2026, at (81:9–84:11), attached hereto as Exhibit A. The DAO also asserted privilege over the conversation ADA Nelson had prior to her deposition with ADAs Napiorski and Shea Skinner, prompting an on-the-record conference with the Court at the instance of Mr. Ramirez's counsel. *Id.* at (38:3–46:20); *accord* (41:5–6) ("Mr. Cioschi: Call the judge. Let's call the judge."). The Court deferred ruling and directed the DAO to lodge its objection by motion within ten days. *Id.* at (45:23–46:18).

The DAO timely filed its Motion for a Protective Order. *See* DAO Mtn., ECF 72. It seeks to bar further inquiry into the discrete issue of ADA Nelson's pre-deposition conversation with ADAs Napiorski and Skinner. *Id.* at 4–10. That discrete

dispute, however, is only one part of a broader privilege controversy that developed across all four DAO depositions. Detective Worrell intends to move to compel and recall ADAs Napiorski, Winkelman, Ernst, and Nelson to address the DAO's repeated assertions of attorney-client, work-product, and deliberative-process privileges that foreclosed inquiry into the DAO's handling of the Ramirez concession. The privilege assertions made in the DAO's present Motion overlap with those disputes and are best considered in that broader context.

Incorporation will simplify the Court's review. There is no question that "matters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). Exercising that discretion here would avoid resolving a discrete privilege objection now, only to revisit the same issue on the fuller record developed across all four depositions. The DAO asserted privilege throughout those depositions to foreclose related inquiry into its handling of the Ramirez concession. Considering those assertions together will place the present dispute in its complete factual context and avoid piecemeal adjudication of overlapping privilege objections.

Nor will incorporation prejudice the DAO. Detective Worrell seeks only to defer his opposition to the pending Motion for a Protective Order and address that Motion with the related privilege disputes in his forthcoming Omnibus Motion. Counsel proposed that procedure to the DAO, but the DAO declined to stipulate to the relief requested here. The DAO will nevertheless have the same opportunity to defend its Motion and respond to Detective Worrell's request for further examination,

after which Detective Worrell may reply. Incorporation therefore affects only the sequence of briefing while preserving the parties' respective positions.

For these reasons, Detective Worrell respectfully requests leave to address the privilege assertions raised in the DAO's Motion for a Protective Order as part of his forthcoming Omnibus Motion to Compel and Recall the four ADA deponents, without waiving any opposition to the DAO's Motion.

Respectfully Submitted,

**MARSHALL DENNEHEY, P.C.,**

BY: ______________________________

JOHN P. GONZALES
JOSHUA W. BROWNLIE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(P): (215) 575-2816 | (F): (215) 575-0856
(E): JWBrownlie@MDWCG.com

*Attorneys for Defendant Detective Paul Worrell*

Date: August 14, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDUARDO RAMIREZ, *Plaintiff*, | : | Civil Action No.: 2:24-cv-03035 |
| v. | : | |
| CITY OF PHILADELPHIA, ET AL., *Defendants*. | : | |

**CERTIFICATE OF CONFERRAL**

I, Joshua W. Brownlie, Esquire, hereby certify pursuant to Local Rule 26.1(f) that I made a good-faith effort to confer with Shae Skinner, Esquire, counsel for the Philadelphia District Attorney's Office, regarding the relief requested herein. On August 13, 2026, I proposed incorporating the DAO's pending privilege objection into the forthcoming Omnibus Motion to Compel and Recall. The DAO declined the proposed stipulation and instead prefers to litigate its pending Motion separately. The parties were unable to agree, therefore necessitating the present Motion.

Respectfully Submitted,

**MARSHALL DENNEHEY, P.C.,**

BY: ______________________________

JOHN P. GONZALES
JOSHUA W. BROWNLIE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(P): (215) 575-2816 | (F): (215) 575-0856
(E): JWBrownlie@MDWCG.com

*Attorneys for Defendant Detective Paul Worrell*

Date: August 14, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDUARDO RAMIREZ, *Plaintiff*, v. CITY OF PHILADELPHIA, ET AL., *Defendants*. | : | Civil Action No.: 2:24-cv-03035 |

## CERTIFICATE OF SERVICE

I, Joshua W. Brownlie, Esquire do hereby certify that a true and correct copy of this Motion to Incorporate was electronically filed with the Court this date and is available for downloading from the Electronic Case File System. All counsel of record were served *via* electronic notification.

Respectfully Submitted,

**MARSHALL DENNEHEY, P.C.,**

BY: ______________________________

JOHN P. GONZALES
JOSHUA W. BROWNLIE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(P): (215) 575-2816 | (F): (215) 575-0856
(E): JWBrownlie@MDWCG.com

*Attorneys for Defendant Detective Paul Worrell*

Date: August 14, 2026