# Exhibit A

Deposition Transcript Excerpts
ADA Julie Nelson, 7/21/2026

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDUARDO RAMIREZ, :

Plaintiff(s), : No. 24-3035

vs. :

CITY OF PHILADELPHIA, :
et al.,
Defendant(s). :

– – –

July 21, 2026

– – –

Deposition testimony of ADA JULIE MICHELLE NELSON, taken stenographically before ANGELA NOVAK, a Court Reporter and Notary Public of the Commonwealth of Pennsylvania taken at Marshall Dennehey, 2000 Market Street, Suite 2300, Philadelphia, Pennsylvania, commencing at 10:08 a.m.

– – –

U.S. Legal Support
1818 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
877-479-2484

APPEARANCES:

WISEMAN SCHWARTZ
BY: JON CIOSCHI, ESQUIRE
CHRISTINA MATTHIAS, ESQUIRE (via Zoom)
718 Arch Street, 702N
Philadelphia, Pennsylvania 19106
Cioschi@wisemanschwartz.com
Matthias@wisemanschartz.com
Representing the Plaintiff(s)

MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
BY: JOSHUA BROWNLIE, ESQUIRE
2000 Market Street
Suite 2300
Philadelphia, Pennsylvania 19103
215-575-2871
Jwbrownlie@mdwcg.com
Representing the Defendant, Det. Paul Worrell

A P P E A R A N C E S: (Continued)

CITY OF PHILADELPHIA - LAW DEPARTMENT
BY: SHEA SKINNER, DEPUTY CITY SOLICITOR
1515 Arch Street
15th Floor
Philadelphia, Pennsylvania 19102
Shea.skinner@phila.gov
Representing the Defendant Philadelphia
District Attorney's Office

CITY OF PHILADELPHIA - LAW DIVISION
CIVIL RIGHTS UNIT
BY: DOROTHY HAYES, ESQUIRE
MICHAEL PESTRAK, ESQUIRE (via Zoom)
1515 Arch Street
14th Floor
Philadelphia, Pennsylvania 19102
Dorothy.hayes@phila.gov
Michael.pestrak@phila.gov
Representing the Defendant

I N D E X


| WITNESS | PAGE |
|---|---|
| ADA JULIE MICHELLE NELSON | |
| EXAMINATION BY MR. BROWNLIE | 5 |
| EXAMINATION BY MS. HAYES | 234 |
| EXAMINATION BY MR. CIOSCHI | 240 |
| FURTHER EXAMINATION BY MR. BROWNLIE | 248 |


E X H I B I T S


| ID | DESCRIPTION | PAGE |
|---|---|---|
| Nelson Exhibit 14 | Transcript of Attorney Discipline Hearing | 138 |
| Nelson Exhibit 15 | Order | 168 |
| Nelson Exhibit 16 | Order | 172 |
| Nelson Exhibit 17 | Docket | 201 |
| Nelson Exhibit 18 | Notice of Conflict | 223 |


(EXHIBITS ATTACHED HERETO)

MARKED QUESTION: PAGE 40 LINE 22

A. I was sent it, but I did not read it as closely, no.

Q. Who did you speak to concerning your deposition today?

MR. CIOSCHI: Objection.

THE WITNESS: I had a meeting with Mr. Skinner and Mr. Napiorski.

BY MR. BROWNLIE:

Q. You met with Mr. Napiorski concerning your deposition today notwithstanding the fact that he's a fact witness in this matter?

MR. CIOSCHI: Objection.

MR. SKINNER: Objection.

MR. BROWNLIE: You can answer.

THE WITNESS: Yes, he was present at this meeting.

BY MR. BROWNLIE:

Q. What was the discussion at this meeting?

MR. SKINNER: Objection. Privilege. Don't answer.

MR. CIOSCHI: Objection.

MR. BROWNLIE: You are asserting deliberative process privilege of her conversation concerning this deposition?

MR. SKINNER: I mean, the conversation was primarily -- it was a privileged conversation.

MR. BROWNLIE: In what capacity?

MR. CIOSCHI: You can litigate this in front of the Court, y'all.

MR. BROWNLIE: I want to know what the privilege is, if it's deliberative process?

MR. SKINNER: It's attorney-client privilege, attorney work product --

MR. BROWNLIE: Mr. Napiorski represents Ms. Nelson?

MR. SKINNER: No.

MR. BROWNLIE: So then it's waived; correct?

MR. SKINNER: No.

MR. CIOSCHI: Is he the judge?

MR. SKINNER: Yeah, if you want --

MR. BROWNLIE: The basis of your objection to that question is attorney-client privilege?

MR. SKINNER: Among other things. Yes, it's the attorney-client privilege, attorney work product, yes.

BY MR. BROWNLIE:

Q. Who represents you for the purposes of this deposition, Ms. Nelson?

MR. CIOSCHI: Objection.

MR. SKINNER: Objection.

MR. CIOSCHI: Josh, if you want to litigate this particular issue, bring it to the Court. You can call the Court right now.

MR. SKINNER: Don't answer. I mean --

MR. BROWNLIE: Who represents her during this deposition?

THE WITNESS: Mr. Shay is here -- I mean Mr. Skinner is here on behalf of the office. I am an employee of the office.

MR. BROWNLIE: And are you represented by Mr. Napiorski?

MR. CIOSCHI: Objection.

MR. SKINNER: Objection.

MR. BROWNLIE: You can answer.

THE WITNESS: No.

BY MR. BROWNLIE:

Q. So I'll ask you again, what was the substance of your conversation during your meeting with Mr. Napiorski?

MR. CIOSCHI: Objection.

MR. SKINNER: Objection. Don't answer it.

If you want to litigate it, we can do it.

MR. CIOSCHI: Call the judge. Let's call the judge.

MR. BROWNLIE: You want to reconsider your position before we get the Court on the line?

MR. SKINNER: No.

MR. BROWNLIE: We are still on the record.

MR. SKINNER: Just to be clear, I was at the meeting, too. It's a meeting with counsel.

MR. BROWNLIE: It's waived if a third party was present.

MR. SKINNER: I don't think that's the way that it works. They are both --

MR. CIOSCHI: The Court will decide, if they are available. If they are not, they will decide it later.

MR. BROWNLIE: Fine. Then I'll recall her.

MR. CIOSCHI: Fine. Waste more

time.

MR. BROWNLIE: Jon, give it a break.

(Phone call placed.)

MR. BROWNLIE: Hi, my name is Joshua Brownlie. We have a matter before the Judge. I'm in a deposition and the parties are in disagreement about a particular assertion of privilege. Is the Court available for a conference?

UNIDENTIFIED SPEAKER: What's the case? Do you have the docket number?

MR. BROWNLIE: 24-3035.

UNIDENTIFIED SPEAKER: Ramirez versus City of Philadelphia?

MR. BROWNLIE: Yes, ma'am.

UNIDENTIFIED SPEAKER: I'm assuming Plaintiff's counsel and counsel for the Defendant are present during the deposition; correct?

MR. BROWNLIE: Yes, as well as counsel for Deponent.

UNIDENTIFIED SPEAKER: Let me just put you upon a brief hold.

MR. BROWNLIE: Thank you.

UNIDENTIFIED: I'm going to conference you in with him. Just pause for a

second.

MR. BROWNLIE: Thank you.

(Whereupon, a discussion was held off the record.)

THE COURT: Counsel, who is on the phone?

MR. BROWNLIE: Good morning, Your Honor. Joshua Brownlie for Detective Paul Worrell.

THE COURT: You are requesting the conference, Josh?

MR. BROWNLIE: I'm not -- well, at the insistence of counsel for our Deponent, ADA Nelson, and at the insistence of counsel for Plaintiff, Mr. Ramirez, we phoned the Court to resolve a privilege assertion.

MR. CIOSCHI: Your Honor, this is counsel for Mr. Ramirez, Jon Cioschi. Thank you for taking this call. We didn't insist on anything, Your Honor. Mr. Brownlie wished to ask certain questions of the Deponent. I'm not counsel for the Deponent. I can't speak to Mr. Brownlie and Mr. Skinner's dispute about this. But it wasn't getting resolved in here and Mr. Brownlie wanted to act like the Court, so we had

to call the Court to get it resolved.

MR. SKINNER: Good morning, Your Honor. If I may, this is Shea Skinner on behalf of the Deponent, ADA Julie Nelson, and we did assert a privilege objection in response to a question from Mr. Brownlie.

THE COURT: State the basis for your objection, Counsel.

MR. SKINNER: Counsel for Defendant Worrell inquired about the content of discussion at which the participants were myself for the counsel for the Deponent, Ms. Nelson, and ADA Napiorski, who also was deposed in this matter. And so I have asserted the attorney-client and work product doctrine privileges as to the content of those discussions.

THE COURT: Who is asking the questions?

MR. BROWNLIE: Your Honor, the question was posed by me. If you'd like, I can have the court reporter read it back.

THE COURT: Madam Court Reporter, can you read the question back?

(Whereupon, the requested portion of the record was read.)

MR. BROWNLIE: So, Your Honor, if I can set a factual predicate. Mr. Napiorski is an assistant district attorney at the Philadelphia District Attorney's Office. He does not represent Ms. Nelson for purposes of these proceedings or her deposition today. She met -- according to her testimony today, counsel can correct me if I misstate the record -- she testified today that prior to her deposition, she attended a meeting with Mr. Napiorski and her counsel today, Mr. Skinner, at which they discussed the Ramirez matter. In response to a question concerning substance of those communications, Mr. Skinner originally asserted attorney-client privilege. I explained to him my understanding that the privilege would have been waived considering that a third party was present during the conversations. And he now is asserting a work product privilege I understand. So that's sort of the context in which the objection has arisen.

MR. SKINNER: Your Honor, if I may --

THE COURT: Counsel, I'm going to defer ruling on the question. I'm going to ask counsel and lodge an objection to the question and

state the basis and we're going to give other counsel the opportunity to reply to the objection. If that objection is sustained, then that ends that issue. If the objection is overruled, then you are going to reconstitute the deposition for the purposes of that inquiry.

Counsel, is there anyone that has any discomfort or any objection to the ruling that I've just made?

MR. BROWNLIE: No objection, Your Honor.

MR. CIOSCHI: No objection for counsel for the Plaintiff. I don't think we have much at stake in this particular dispute, but...

MR. SKINNER: No objection.

THE COURT: So the objecting party has ten days in which to file a motion pertaining to this question.

Thanks, Counsel. Have a good day. Counsel, you are all excused.

MR. CIOSCHI: Can you mark that, please?

BY MR. BROWNLIE:

Q. When did you attend this meeting with Mr. Napiorski and Mr. Skinner?

understanding is.

MR. CIOSCHI: Objection.

MR. SKINNER: Objection. Privilege. Don't answer.

MR. BROWNLIE: What's the basis of the privilege?

MR. SKINNER: If you are asking for another assistant district attorney's mental impressions --

MR. BROWNLIE: I'm asking what her understanding is of Lori Williamson's position.

MR. SKINNER: In the abstract or in --

MR. BROWNLIE: Do you have an objection?

MR. SKINNER: Yeah. I've objected on the basis of privilege.

MR. BROWNLIE: What privilege?

MR. SKINNER: Sorry. Can you rephrase the question?

BY MR. BROWNLIE:

Q. What is your understanding, Ms. Nelson, of Lori Williamson's position concerning the concession?

MR. CIOSCHI: Objection.

MR. SKINNER: Objection. I mean, privilege, yeah, if you are asking about an opinion somebody in the office had, an attorney had, about a response that had not yet been filed, then that's privileged.

MR. BROWNLIE: We're going to take ten minutes. We're going to go off the record.

(Whereupon, a recess was taken.)

MR. BROWNLIE: So we took about 15 or 20 minutes, I think, maybe a little bit longer break.

So, Mr. Skinner, let me understand what the district attorney's position is. Is it the DAO's position that you are going to deliberative process privilege concerning any question I ask about her conversations with any member of the Philadelphia District Attorney's Office?

MR. SKINNER: If you are asking about conversations between the deponent and other members of the office that were deliberative about -- yes, I mean, if privilege applies, I'm going to assert it.

MR. BROWNLIE: And that's irrespective if it's predecisional and

deliberative?

MR. SKINNER: No. I mean, obviously I'm asserting the privilege within the confines of the privilege, but, you know, there's -- like when you talk about a decision, there's a lot of decisions that go along the way to making what you might see as a larger decision. So if you are deliberating before -- yeah, anyway, the privilege is what it is, and I'm asserting it.

MR. BROWNLIE: Are you going to direct her not to answer any question I ask concerning her conversations with Lori Williamson?

MR. SKINNER: If you are asking for the content of the conversations as it relates to this case or any other, then, yes.

MR. BROWNLIE: Are you going to direct her not to answer any questions concerning the substance of her conversations with Nancy Winkelman?

MR. SKINNER: Along the same parameters, then, yes. If you are asking about the content.

MR. BROWNLIE: And I'll ask the same question with respect to Katherine Ernst.

MR. SKINNER: Yes.

MR. BROWNLIE: David Napiorski?

MR. SKINNER: It would apply, yes.

MR. BROWNLIE: Every single assistant district attorney, including DA Krasner?

MR. SKINNER: Anyone who -- yes, I mean, really in the context of here -- we're talking about internal discussions that were, at their very core, deliberative. So if you are going to ask about any of those discussions, any of those participants, yes, I will assert the privilege.

MR. BROWNLIE: And the basis of that is deliberative process?

MR. SKINNER: Among other things. Among that and the work product.

MR. BROWNLIE: Then we're going to turn to a different area of inquiry, Ms. Nelson. We're likely going to be litigating that, so there's a potential that you are going to come back to answer those questions anyway.

We've provided copies to counsel before. I don't have any today.

I'm going to hand you today, Ms. Nelson, a copy of the concession brief.

MR. CIOSCHI: Can you direct me