IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDUARDO RAMIREZ, Plaintiff | : | Civil Action |
| v. | : | |
| CITY OF PHILADELPHIA, et al., Defendants | : | No. 24-3035 |

RESPONSE OF PLAINTIFF EDUARDO RAMIREZ TO DEFENDANT WORRELL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE PHILADELPHIA DISTRICT ATTORNEY'S OFFICE (DAO)

Currently before the Court is Defendant Worrell's *Motion to Compel* the production of internal communications amongst assistant district attorneys who worked on postconviction litigation that ultimately resulted in the exoneration of Plaintiff Eduardo Ramirez. *See* ECF No. 80. Plaintiff is weighing in to clarify the scope of his claims, as it bears on the relevance analysis.

Defendant Worrell seeks "contemporaneous communications reflecting how the DAO assigned and investigated Mr. Ramirez's case, what facts its attorneys identified during that investigation, how the concession was drafted and reviewed, what factual inaccuracies were identified before filing, and whether those inaccuracies were corrected," on the grounds that these "materials are the contemporaneous evidence of the DAO's 'procedures and factual findings [that resulted in its concession to the vacating of Plaintiff's conviction]' the Court already deemed relevant."[1] ECF No. 80, 9 (quoting ECF No. 68, *Mem. and Ord. Denying Mot.*

[1] ECF No. 80, 9 (quoting ECF No. 68, *Mem. and Ord. Denying Mot. to Quash ADA Nelson's Deposition*, 5–6).

*to Quash ADA Nelson's Deposition* ("*Nelson Mem. Ord.*"), 5–6). In permitting the deposition of ADA Julie Nelson, the Court deemed evidence of these "procedures and factual findings . . . relevant" in part because

> In the Amended Complaint, Plaintiff relies on the factual findings set forth in the DAO's PCRA Response. For example, in support of his claim that Defendant Worrell and all other individual defendants in this case engaged in malicious prosecution when they "intentionally withheld and misrepresented exculpatory evidence," Plaintiff alleges that the DAO concluded that "twelve critical pieces of exculpatory evidence . . . had been wrongfully withheld . . . in violation of Brady v. Maryland," and discusses the nature of such evidence. (Am. Compl. ¶¶ 327-28, 406.)

ECF No. 68, *Nelson Mem. Ord.*, 5–6.

Since the Court's opinion, however, Plaintiff has explicitly clarified to all parties that he has no intention of presenting evidence of the DAO review process, the DAO's analysis or conclusions about the facts of the case, or the DAO's ultimate judgment with respect to its concession. In response to Defendant Worrell's subpoena for communications between counsel and various parties, including DAO employees, Plaintiff wrote:

> <u>Requests Concerning Current or Former Assistant District Attorneys of the Philadelphia District Attorney's Office (DAO)</u>
>
> In light of this request, Defendant Worrell's demonstrated focus on taking depositions of numerous DAO employees who worked on Plaintiff's post-conviction litigation over the years, and Defendant Worrell's explanation of the relevance of those depositions in the briefing on the Motion to Quash ADA Julie Nelson's deposition (see Def. Worrell's Notice of Consent and Position Regarding the District Attorney's Motion for Leave, ECF No. 60 at 2 (asserting the testimony of ADAs who worked on Plaintiff's post-conviction litigation is relevant because, at trial, Plaintiff "will use the DAO's concession not merely as proof that the prosecution ended, but as substantive context supporting liability, causation, and damages," and "Detective Worrell is entitled to rebut that inference")), **Plaintiff hereby clarifies that he will not use the DAO's post-conviction process, the opinions of the individual ADAs who participated in that process, or the DAO's concession of relief to buttress or otherwise support his claims in this matter. Beyond the vacatur of his conviction and the dismissal of the charges against him, Plaintiff will not seek at trial to establish his claims or damages via evidence of what occurred**

> **during the DAO's post-conviction process or the opinions of DAO personnel as to the validity of his claims. Plaintiff may seek at trial to present evidence of facts the DAO developed during the post-conviction process, such as the presence or absence of certain materials in the DAO's trial file or the DAO's discussions with third party witnesses. However, Plaintiff would do this by presenting the evidence that establishes those facts directly, not via evidence of the DAO's post-conviction process or evidence of the opinions or conclusions reached by individual ADAs based on the post-conviction process.**

*See Objections to Subpoena to Produce Documents Served By Defendant Worrell on July 23, 2026*, attached as Exhibit A, 5–6 (emphasis added).

As Plaintiff reads this Court's ruling permitting ADA Nelson's deposition, the Court's conclusion that "information regarding the DAO's procedures and factual findings that resulted in its concession to the vacating of Plaintiff's conviction" is relevant, rests, in part, on the allegations in Plaintiff's complaint that suggest or imply Plaintiff will rely on and present evidence of the DAO's "factual findings set forth in the DAO's PCRA Response." ECF No. 68, *Nelson Mem. Ord.*, 5–6. Plaintiff plead these facts to provide a complete account of his case. But, as his *Objections* make clear, Plaintiff "will not seek at trial to establish his claims or damages via evidence of what occurred during the DAO's post-conviction process or the opinions of DAO personnel as to the validity of his claims." *See Objections*, *supra*.

Plaintiff's position gives respect to the rule that Section 1983 is not a vehicle to examine state court judgments or what led to them, as Plaintiff set forth in his submission in the ADA Nelson Quash Litigation. *See* ECF No. 57-1, 3–5 (collecting cases); *Hicks v. City of Philadelphia*, 783 F. Supp. 3d 834, 858 (E.D. Pa. 2025) (Section 1983 litigation is not the proper vehicle for "correct[ing] perceived problems with the DAO's conviction review process"); *Brown v. City of Philadelphia*, No. 2:20-CV-2681, 3–4 (E.D. Pa. Jan. 8, 2021) (filed at ECF No. 57-3) (explaining that "the law does not permit" the collateral review in Section 1983 litigation of a PCRA grant, and that such review is outside the scope of federal jurisdiction); *cf. Thompson*

*v. Clark*, 596 U.S. 36, 39 & 48 (2022) (holding that to meet the favorable termination element of a § 1983 malicious-prosecution claim, "a plaintiff need only show that his criminal prosecution ended without a conviction," not *why* it ended without a conviction); *McDonough v. Smith*, 588 U.S. 109, 119–120 (2019) ("core principles of federalism, comity, consistency, and judicial economy" prevent federal courts from conducting collateral review of state court criminal judgments in § 1983 suits to avoid the risk of conflicting civil and criminal judgments). By pleading "factual findings set forth in the DAO's PCRA Response" to provide context and a complete narrative, Plaintiff did not—and did not purport to—open the door to otherwise inadmissible evidence concerning "the DAO's procedures and factual findings that resulted in its concession." ECF No. 68, *Nelson Mem. Ord.*, 5–6. And to the extent he did inadvertently open that door, his *Objections* have slammed it shut.

Plaintiff's clarification in his *Objections* make clear that "information regarding the DAO's procedures and factual findings that resulted in its concession to the vacating of Plaintiff's conviction" are not relevant here. ECF No. 68, *Nelson Mem. Ord.*, 5–6. The information sought in the pending *Motion to Compel*—"the documentary evidence underlying,"[2] or more "information regarding,"[3] these "procedures and factual findings,"[4] is likewise not relevant. And as Defendant Worrell notes, the merit of a motion to compel production of subpoenaed materials hinges on their potential relevance. *See* ECF No. 80, 8 (citing *Green v. Cosby*, 314 F.R.D. 164, 169 (E.D. Pa. 2016) & Fed. R. Civ. P. 26(b)(1)).

Accordingly, Plaintiff respectfully submits this response for the Court's benefit as it assesses Defendant Worrell's *Motion to Compel.* Plaintiff reiterates his position from the prior ADA Nelson Quash Litigation that inquiry into current and former DAO employees' knowledge

[2] ECF No. 80, 8–9.
[3] ECF No. 68, *Nelson Mem. Ord.*, 5–6.
[4] *Id.*

about the facts actually underlying the claims and defenses in this case (e.g., inquiry into the information DAO employees learned through their investigative efforts) could potentially lead to relevant evidence.

Respectfully submitted,

/s/ Alan Tauber
Michael Wiseman
Alan Tauber
Christina Matthias
Jon Cioschi
WISEMAN, SCHWARTZ, CIOSCHI & TRAMA
718 Arch Street, Suite 702N
Philadelphia, Pa 19106
(215) 360-3988
wiseman@wisemanschwartz.com
atauber@tauberlaw.com
matthias@wisemanschwartz.com
cioschi@wisemanschwartz.com

Counsel for Plaintiff
Eduardo Ramirez

October 16, 2026

***

CERTIFICATE OF SERVICE

I, Alan Tauber, certify that on this 16th day of October, 2026, I served a copy of the above notice on all parties by filing the same through this Court's Electronic Filing System:

/s/ Alan Tauber
Alan Tauber, Esq.
Counsel to Plaintiff

# EXHIBIT A

*Objections to Subpoena to Produce Documents Served By Defendant Worrell on July 23, 2026*

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

EDUARDO RAMIREZ,

*Plaintiff,*

v.

CITY OF PHILADELPHIA, ET AL.,

*Defendants.*

Civil Action No.: 2:24-cv-03035

**OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS SERVED BY DEFENDANT WORRELL ON JULY 23, 2026**

Pursuant to Federal Rule of Civil Procedure 45(d)(2), Plaintiff's counsel objects to the "SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION" ("Subpoena") served by Defendant Paul Worrell on Plaintiff's counsel on July 23, 2026. Plaintiff's current counsel—Michael Wiseman, Esq., Karl Schwartz, Esq., Alan Tauber, Esq., Christina Matthias, Esq., and Jon Cioschi, Esq.—respond to the Subpoena on behalf of Plaintiff and themselves.

**GENERAL OBJECTIONS**

*1. Plaintiff objects to the Subpoena to the extent it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, applicable local rules, or any orders entered, or to be entered, in this case.*

*2. Plaintiff objects to the Subpoena to the extent it seeks information and/or documents that are publicly available or obtainable from some other source that is more convenient or less burdensome.*

*3. Plaintiff objects to the Subpoena to the extent it is disproportionate to the needs of the case, is overly broad and unduly burdensome, and to the extent that the information and/or documents sought are neither relevant to any claim or defense of any party nor likely to lead to the discovery of relevant evidence.*

*4. Plaintiff objects to the Subpoena to the extent it calls for the disclosure of information and/or documents that are subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.*

*5. Plaintiff objects to the Subpoena to the extent it seeks duplicative information and/or documents that have already been provided in this litigation.*

*6. Plaintiff objects to the Subpoena to the extent it seeks information and/or documents that are not in Plaintiff's possession, custody, or control.*

*7. Plaintiff objects to the Subpoena to the extent it seeks information concerning contentions or positions regarding factual or legal issues in this litigation as premature because discovery is ongoing and incomplete.*

*8. Plaintiff objects to the Subpoena to the extent it seeks information addressed by Federal Rules of Civil Procedure 26(a)(2) and (3) as premature; Plaintiff will provide this information in compliance with, and according to the schedule laid out in, any and all applicable rules and any and all applicable orders entered, or to be entered, in this case.*

*The foregoing general objections are incorporated as applicable to each of Plaintiff's specific responses below, even if not specifically referenced. Plaintiff reserves the right to amend and/or supplement his responses to the Subpoena as additional information and evidence is developed.*

**DOCUMENT REQUEST NO. 1**

Produce all Documents and ESI Relating To or Concerning any Communication between You and each Witness identified in the attached Schedule of Witnesses during the corresponding time period identified for that Witness.

Without limiting the foregoing, this Request includes all Documents and ESI Relating To or concerning:

a. factual statements, recollections, descriptions, timelines, or accounts provided by or to the Witness regarding the Underlying Matter;

b. the identification, collection, preservation, review, production, authenticity, chain of custody, or location of Documents, ESI, photographs, recordings, physical evidence, or other materials Relating To the Underlying Matter;

c. Documents, ESI, photographs, recordings, text messages, emails, social media communications, or other evidence transmitted to or received from the Witness Relating To the Underlying Matter;

d. any corrections, revisions, supplements, clarifications, or modifications to factual information or statements provided by the Witness Concerning the Underlying Matter;

e. witness statements, whether written, signed, recorded, transcribed, audio-recorded, video-recorded, or otherwise memorialized;

f. any Documents or ESI provided by the Witness to You or provided by You to the Witness Relating To the Underlying Matter;

g. Communications Concerning the existence, possession, custody, control, authenticity, completeness, or location of evidence Relating To the Underlying Matter; and

h. all attachments, enclosures, or Documents transmitted with any responsive Communication.

This Request **does not** seek:

a. Communications solely between You and Your client; nor

b. attorney mental impressions, legal theories, litigation strategy, or opinion work product.

The foregoing exclusions shall not be construed to exempt otherwise discoverable factual Communications, factual witness statements, Documents exchanged with a Witness, or

Communications Concerning factual matters solely because an attorney participated in or transmitted the Communication.

**RESPONSE TO DOCUMENT REQUEST NO. 1**

*Plaintiff objects to this Document Request as wildly overbroad, vague, and unduly burdensome. Plaintiff further objects to this Request for Production as it seeks disclosure of documents that are subject to the attorney-client privilege and work-product doctrine. Plaintiff further objects to this Document Request to the extent it seeks information that is not relevant to any party's claim or defense and not likely to lead to any such information. Plaintiff further objects to this request because it is inappropriate to direct subpoenas to the individual members of Plaintiff's current legal team, effectively treating Plaintiff's counsel of record as third party witnesses to the facts presented by this litigation.*

Requests Concerning Civilian Witnesses. *Plaintiff objects to this Request as seeking information subject to work product protection, despite the Request's purported exclusion of the same. Communications and the contents of the same between current and former members of Plaintiff's legal team and fact witnesses are not discoverable under Fed. R. Civ. P. 26(b)(3) and related rules and law. The same privilege applies to the information requested in the section entitled "PRIVILEGE LOG," as divulging the information requested would likewise reveal core work product. Moreover, by this Request, Defendant Worrell seeks information—to the extent any such information exists—he can and has obtained by other means, including conducting his own investigation of these witnesses and/or conducting depositions of these witnesses.*

Requests Concerning Brian O'Leary. *Plaintiff objects to this Request as seeking information subject to attorney-client privilege and work product protection, despite the Request's purported exclusion of the same. Communications and the contents of the same among current and former members of Plaintiff's legal team are protected trial preparation materials and, by default, are not*

*discoverable under Fed. R. Civ. P. 26(b)(3) and related rules and law. Plaintiff further objects to producing the information requested in the section entitled "PRIVILEGE LOG," as divulging the information requested would likewise reveal core work product, and it would be overly burdensome, without any corresponding utility, for the members of Plaintiff's legal team to index their communications with Brian O'Leary in his capacity as an investigator for Plaintiff's legal team.*

Requests Concerning Mark Scott Sedley, Esq. *Plaintiff objects to this Request as seeking information subject to attorney-client privilege and work product protection, despite the request's purported exclusion of the same. Communications and the contents of the same among current and former members of Plaintiff's legal team are protected trial preparation materials and, by default, are not discoverable under Fed. R. Civ. P. 26(b)(3) and related rules and law. The same privilege applies to the information requested in the section entitled "PRIVILEGE LOG," as divulging the information requested would likewise reveal core work product, and it would be overly burdensome, without any corresponding utility, for the members of Plaintiff's legal team to index their communications with Mark Scott Sedley, Esq., in his capacity as post-conviction counsel for Plaintiff.*

Requests Concerning Current or Former Assistant District Attorneys of the Philadelphia District Attorney's Office (DAO). *In light of this request, Defendant Worrell's demonstrated focus on taking depositions of numerous DAO employees who worked on Plaintiff's post-conviction litigation over the years, and Defendant Worrell's explanation of the relevance of those depositions in the briefing on the Motion to Quash ADA Julie Nelson's deposition (see Def. Worrell's Notice of Consent and Position Regarding the District Attorney's Motion for Leave, ECF No. 60 at 2 (asserting the testimony of ADAs who worked on Plaintiff's post-conviction litigation is relevant because, at trial, Plaintiff "will use the DAO's concession not merely as proof that the prosecution ended, but as substantive context supporting liability, causation, and damages," and "Detective*

*Worrell is entitled to rebut that inference")), Plaintiff hereby clarifies that he will not use the DAO's post-conviction process, the opinions of the individual ADAs who participated in that process, or the DAO's concession of relief to buttress or otherwise support his claims in this matter. Beyond the vacatur of his conviction and the dismissal of the charges against him, Plaintiff will not seek at trial to establish his claims or damages via evidence of what occurred during the DAO's post-conviction process or the opinions of DAO personnel as to the validity of his claims. Plaintiff may seek at trial to present evidence of facts the DAO developed during the post-conviction process, such as the presence or absence of certain materials in the DAO's trial file or the DAO's discussions with third party witnesses. However, Plaintiff would do this by presenting the evidence that establishes those facts directly, not via evidence of the DAO's post-conviction process or evidence of the opinions or conclusions reached by individual ADAs based on the post-conviction process.*

*Plaintiff objects to this Request as seeking information subject to attorney-client privilege and work product protection, despite the request's purported exclusion of the same. Communications and the contents of the same between current members of Plaintiff's legal team and fact witnesses in and in anticipation of this litigation are protected trial preparation materials and, by default, are not discoverable under Fed. R. Civ. P. 26(b)(3) and related rules and law. The same privilege applies to the information requested in the section entitled "PRIVILEGE LOG," as divulging the information requested would likewise reveal core work product. Moreover, by this Request, Defendant Worrell seeks information—to the extent any such information exists—he can and has obtained by other means, including conducting his own investigation of these witnesses and/or conducting depositions of these witnesses.*

**PRIVILEGE LOG**

If any responsive Document or ESI is withheld, in whole or in part, on the basis of the attorney-client privilege, work-product doctrine, common-interest doctrine, joint-defense doctrine,

or any other asserted privilege, immunity, or protection, You shall contemporaneously produce a privilege log identifying, for each withheld or redacted item:

a. the date of the Document or Communication;

b. the author(s);

c. all recipients, including copied and blind-copied recipients;

d. the type of Document or Communication;

e. the Witness, if any, to whom the Document or Communication Relates;.

f. a description of the subject matter sufficient to permit assessment of the asserted privilege without revealing the privileged information itself;

g. the specific privilege, immunity, or protection asserted; and

h. the factual basis supporting the assertion of privilege, immunity, or protection.

If only a portion of a responsive Document or ESI is withheld as privileged, the non-privileged portion shall be produced with the privileged material redacted, and each redaction shall be separately identified in the accompanying privilege log.

**RESPONSE**

*Plaintiff responds to this request as described above.*

**WISEMAN SCHWARTZ CIOSCHI & TRAMA**

By: /s/ Michael Wiseman
/s/ Alan Tauber
/s/ Christina Matthias
/s/ Jon Cioschi
Michael Wiseman
Alan Tauber
Christina Matthias
Jon Cioschi

Counsel for Plaintiff

Date: August 6, 2026a